UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID BEDOYA                                                           CIVIL ACTION

VERSUS                                                                 NUMBER: 17-5429

LOUISIANA SUPREME COURT                                                SECTION: "A"(5)

## REPORT AND RECOMMENDATION

Pursuant to an order of reference from the presiding District Judge (rec. doc. 6), presently before the Court is the petition for writ of mandamus of the Petitioner herein, David Bedoya. (Rec. doc. 3).

Petitioner Bedoya is a state prisoner who is presently housed at the Winn Correctional Center in Winnfield, Louisiana, following his January 18, 2008 conviction for forcible rape and second degree kidnapping in the Twenty-Fourth Judicial District Court and the subsequent imposition of concurrent thirty-year sentences. *See State v. Bedoya*, 998 So.2d 1283 (La. App. 5th Cir. 2008), *writ denied*, 25 So.3d 784 (La. 2009). In 2012, Bedoya initiated a federal *habeas corpus* proceeding in this court, *Bedoya v. Tanner*, No. 12-CV-1816 "A"(5), in which one of the asserted claims for relief had not been exhausted in the state court system. On Bedoya's motion, on January 18, 2013, that *habeas* proceeding was stayed to permit Petitioner to exhaust the remedies that were available to him through the state courts. (*See* rec. docs. 20, 18 in No. 12-CV-1816). No further activity has taken place in that case since the case was stayed.

Offering no confirmatory, documentary proof, Bedoya now petitions the Court for the issuance of a writ of mandamus directing the Louisiana Supreme Court to act upon a "[w]rit

of [c]ertiorari" that he allegedly filed with that tribunal on February 20, 2013, over four years and four months ago.  (Rec. doc. 3).

The sole relief requested by Petitioner in the instant matter is in the nature of mandamus.  On that score, the law is clear that federal courts possess no general mandamus powers to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.  *See Paige v. Bacarisse*, 80 Fed.Appx. 299 (5th Cir. 2003); *Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997); *Russell v. Knight*, 488 F.2d 96 (5th Cir. 1973); *Moye v. Clerk*, DeKalb County Superior Court, 474 2d 1275 (5th Cir. 1973); *Lamar v. 118th Judicial District of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970).  In light of these clear authorities, it will be recommended that Bedoya's petition for writ of mandamus be dismissed with prejudice.[1/]

**RECOMMENDATION**

For the foregoing reasons, it is recommended that the petition for writ of mandamus of Petitioner, David Bedoya, be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

---

[1/] Assuming that Bedoya's allegations of a four year, four month delay are true, the Court expresses no opinion as to whether the exhaustion requirement may be dispensed with, or perhaps even waived by the State, should he move to re-open the *habeas corpus* proceeding that he previously brought here.

consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

New Orleans, Louisiana, this  8th  day of _____July_____, 2017.

                                              MICHAEL B. NORTH
                                         UNITED STATES MAGISTRATE JUDGE

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.